PETER J. McNERNEY *vs.* WILLIAM S. DOWNS.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

As a rule a surety cannot deny the truth of the recitals contained in an obligation signed by him, unless they were inserted by mistake. He may, however, question the legality of the execution of the instrument.

The very purpose of the recital in an officer's receipt for property attached, to the effect that the signer is "estopped" from denying that the property therein described is the property of the defendant in the attachment suit, was to preclude him from subsequently raising that question; and therefore evidence that someone else in fact owned the property is inadmissible in behalf of the receiptor when sued by the officer upon the receipt.

Such an undertaking voluntarily entered into· is not prohibited by statute, nor is it opposed to public policy.

The validity of the judgment in the original action in which the property was attached, is not open to collateral attack by the receiptor, when sued by the officer upon the receipt.

Argued June 12th—decided August 2d, 1917.

ACTION upon an officer's receipt for property attached, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the plaintiff for $60 damages and costs, and appeal by the defendant. *No error.*

*William S. Downs,* for the appellant (defendant).

*David M. Reilly,* for the appellee (plaintiff).

· RORABACK, J. The following facts appear to be undisputed: The plaintiff is a deputy sheriff in and for the County of New Haven. On the 30th day of August, 1915, the plaintiff had in his hands for service as such deputy sheriff a writ of attachment against one F. W. Skinner, a resident of the town of Derby, in favor of John H. Dillon and William H. Douglass of New Haven, which writ was returnable to the City Court of New Haven on September 13th, 1915. The plaintiff, by virtue of this writ, attached as the property of Skinner certain cigars and liquors, and afterward took an officer's receipt for the same, which receipt was signed by the defendant. This receipt contained, among others, the following provisions: "which said property we hereby, for a valuable consideration, agree and promise, jointly and severally, to re-deliver in good order to said officer (or any officer legally authorized to receive the same), on demand, or in default thereof to pay the sum of sixty dollars (or if demand· be not made before judgment is rendered), the amount of damages and costs which shall be recovered by the

plaintiff in said case, if the same shall fall short of such sum. It being understood that we are hereby estopped from denying that the property herein described has been attached by said officer and that we have received the same from him, and is the property of said defendant and of the value herein named. Schedule of property attached, viz: Cigars and liquors of the agreed value of sixty dollars."

Skinner, at this time, was absent from the State and gone to parts unknown, and a true and attested copy of the writ of attachment was left by the officer with C. O'Brien for Skinner, O'Brien at this time having charge of the attached property.

On February 11th, 1916, Dillon and Douglass obtained a judgment, by default, in the City Court of New Haven against Skinner in this action. On the same date an execution was issued on this judgment and subsequently returned to the City Court wholly unsatisfied. This judgment has never been paid.

On March 28th, 1916, the plaintiff demanded of the defendant the property attached and described in the officer's receipt, but the defendant failed to deliver the same. On the same date, the plaintiff demanded of the defendant payment in satisfaction of the judgment and costs, but the defendant failed to pay the same. Prior to the demand upon the defendant by the plaintiff for the property receipted for, the defendant had surrendered possession of this property to O'Brien, hereinbefore referred to, O'Brien having demanded the same from the defendant.

The trial court reached the conclusion that the defendant was, by the terms of the officer's receipt, estopped from denying that the property described in this receipt was the property of Skinner.

It is unnecessary to consider the action of the trial court in sustaining a demurrer to the third paragraph

of the defendant's answer, as the same question is presented in the third reason of appeal, which avers that the court erred in ruling "that the defendant was by the terms of said officer's receipt estopped from denying that the property described in said officer's receipt was the property of F. W. Skinner."

In 1 Brandt on Suretyship & Guaranty (3d Ed.) § 52, it is said: "The general rule is that sureties are estopped to deny the facts recited in the obligations signed by them, and this whether the recitals are true or false in fact. Having once solemnly alleged the existence of the facts they cannot afterwards be heard to deny it." As a rule a surety cannot deny facts recited in his obligation, unless such recital was inserted by mistake; he will not be allowed to claim that a bond was given without consideration; that the judicial proceedings in which it was given were irregular, or that the necessary preliminary steps were not taken. If the obligation has accomplished the purpose for which it was given, the surety will not be permitted, thereafter, to free himself from its disadvantages. But a surety is not estopped by the recitals of the bond, from questioning the legality of its execution. 32 Cyc. 69.

The parties, as it appears from this instrument, had agreed that the defendant should be estopped by the terms of the contract from denying that the property had been attached by the officer, that it had been received from him, and that it was the property of the defendant Skinner. It appears that one of the express purposes of this written contract was to exclude, as between the officer and the defendant, the possibility of the latter challenging the right of Skinner to the property attached. *Dejon* v. *Street*, 79 Conn. 333, 337, 65 Atl. 145.

This bond was voluntarily given by the defendant upon a sufficient consideration, and such an undertaking is not prohibited by statute or against public

policy. The defendant in the former action, or his agent, by means of this undertaking upon the part of the defendant in the present case, has secured possession of the property of Skinner, and the defendant Downs cannot now escape liability for the nonperformance of his agreement.

The defendant also contends that "the judgment against Skinner was not binding upon this defendant because no legal service was made of the process, nor the provisions of the statute complied with." As we have already stated, the defendant cannot now claim that the judicial proceedings in which this receipt was given were irregular or that the necessary preliminary steps had not been taken before the judgment was rendered. He was not a party to the original action, and the judgment rendered therein cannot now be collaterally attacked by one who has agreed to re-deliver the property attached to the officer, or pay the damages and costs recovered in that action. Aside from this, the record discloses that this property was lawfully attached by the plaintiff, who, it appears, left a true and attested copy of the original writ of attachment with the person having charge of the property of Skinner, who, as the finding states, was absent from the State and in parts unknown at the time the attachment was made.

In view of what we have already stated, it is unnecessary to discuss the defendant's claim that the trial court erred in rejecting his testimony which tended to prove that the defendant Skinner did not own the property receipted for when it was attached. It was not admissible.

Of the other errors assigned none seem to have sufficient merit to warrant their discussion.

There is no error.

In this opinion the other judges concurred.