WILLIAM J. MILLER, ADMINISTRATOR (ESTATE OF ALICE McN. MILLER) *v.* ANNA G. McNAMARA, INDIVIDUALLY AND AS ADMINISTRATRIX (ESTATE OF THOMAS J. McNAMARA)

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, Js.

Argued January 4—decided May 3, 1949.

*Edward L. Reynolds,* with whom was *John J. Kinney, Jr.,* for the appellant (defendant).

*Freeman Light,* with whom was *Leon K. Paris,* for the appellee (plaintiff).

MALTBIE, C. J. The principal question presented in this case is whether a legatee in a will is entitled to equitable relief where, the existence of the will not being known, administration was granted upon the estate as intestate and it was settled as such. The action was brought by a sister of the decedent to whom a bequest of $4000 was given in the will; she died and the administrator upon her estate was substituted as plaintiff, but we shall refer to the sister as the plaintiff. The complaint, based upon allegations of fraud and

mistake, sought a judgment that the decrees of the Probate Court made in the settlement of the estate are null and void, and that the defendant is enjoined from setting them up in defense of this action or to further proceedings in the Court of Probate, with other relief. The trial court found that there was no such fraud as was alleged in the complaint but that the decrees in the administration of the estate as intestate were the result of accident and mistake. It rendered judgment for the administrator upon the plaintiff's estate and the defendant has appealed.

One of the allegations of the complaint was that the Probate Court permitted the settlement of the estate as intestate because of its mistaken belief that the deceased left no will. The conclusions of the court are well within the scope of that allegation and there was no variance.

The trial court's findings of fact are not questioned. Thomas J. McNamara, the deceased, in 1934 executed a will in the office of an attorney. It made substantial bequests to the testator's blood relatives, including the plaintiff. The deceased informed the attorney that he and his wife had married late in life, that she had property of her own and that she knew he was going to leave a substantial part of his estate to other members of his family; and he asked the attorney to keep the will. It was placed in the attorney's safe. The deceased did not tell his wife that he had made it and she did not know of it. The attorney did not represent the deceased in any other legal matter. The latter died January 2, 1936, leaving no lineal descendants, but two sisters, of whom the plaintiff is one, three brothers, a niece, and his widow, the defendant. In his will he made bequests to all of these persons except the defendant. He had been for many years a member of the New Haven police force. When he died, obituary

notices were printed, as well as a special article, in New Haven newspapers. The attorney did not, however, learn of his death until December, 1940. Meanwhile, the defendant applied for administration on the estate, she was appointed administratrix and the estate was settled as intestate. The estate, consisting of money and a one-half interest in certain real estate owned by her and the deceased, was distributed to her. The probate proceedings were based upon a mistaken belief that the deceased had left no will. The defendant used a part of the property received by her from the estate to pay off a mortgage on the real estate and for her living expenses.

When in December, 1940, the attorney learned of the death of the deceased, he immediately called upon the defendant and showed her a copy of the will. On the same day she went with him to see the plaintiff and the niece of the deceased, who, like the plaintiff, had not known of the existence of the will; the defendant told them that she would see that the will was probated and its provisions carried out; and she signed a waiver of notice of an application for the probate of the will which the attorney prepared. When the application was presented to the Probate Court, the judge refused to receive it on the ground that, as the estate had been administered and distributed, he had no jurisdiction to entertain the application; and later the judge told the defendant that she need not worry about the will and need do nothing more as to carrying out its provisions. Thereafter, she retained the estate as her own. She did not inform the attorney of her change of mind. In January, 1942, a writ was prepared in the attorney's office in which three of the legatees named in the will joined as plaintiffs, but the action was never commenced. The plaintiff relied upon the statement of the defendant that she would see that the provisions

of the will were carried out. The plaintiff took no action to protect her rights until December, 1945, when the present suit was brought. The defendant did not offer proof at the trial of any unusual hardship which would result from the probate of the will, beyond that which would have resulted at any time, and the delay in bringing the present action caused her no substantial prejudice.

The facts establish a clear case of mistake lying at the very basis of the decrees of the Probate Court made in the settlement of the estate as intestate. Clearly, the plaintiff was not guilty of any negligence which would preclude relief. A mistake such as this would entitle the plaintiff to relief in equity against an ordinary judgment. *Kalinick* v. *Collins Co.,* 116 Conn. 1, 7, 163 A. 460; *Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199. In the *Folwell* case (p. 569) we held that, in this state at least, equity had in general the same power to grant relief against probate decrees as against ordinary judgments. The action in that case was, however, based upon fraud, and the defendant in this case contends that equity can relieve against decrees of a Probate Court only on the ground of fraud. She relies largely upon § 646g of the 1943 Supplement to the General Statutes (Rev. 1949, § 6817), which reads in part: "All proper orders, judgments and decrees of courts of probate, rendered after due notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." This section was an amendment by way of substitution for § 4769 of the 1930 Revision of the General Statutes. Public Acts, 1943, Chap. 343. Section 4769, as far as material to our inquiry, reads: ". . . no order made by a court of probate upon any matter within its jurisdiction shall be attacked collaterally except for fraud, or

set aside save by appeal." The act originated in the revision of the probate law of this state made by the General Assembly at its session in 1885. Public Acts, 1885, Chap. 110, § 6. The provision was, no doubt, intended to codify into the probate law our decision in *Bulkley* v. *Andrews,* 39 Conn. 523, decided in 1873, a part of one paragraph of the syllabus of which reads: "A decree of a court of probate settling an administration account cannot be attacked collaterally except for fraud." The claim of the plaintiff in that case was that he had delivered certain goods belonging to an estate of which he was executor to the defendant on an agreement that they would be returned if needed to complete the settlement of the estate, that the Probate Court had approved an account made in its settlement in which the plaintiff had received certain credits, including expenses incurred in defending against an appeal taken to the Superior Court from the decree of the Probate Court approving the will, and that the defendant had refused to redeliver the property to enable the plaintiff to secure the amount due him under the account. The defendant claimed that the incurring of the expenses was not justified and that the allowance of the account was procured by fraud. The trial court in its charge to the jury (p. 530) stated in effect that the defendant's claim that the expenses were illegally and improperly incurred was unfounded, that the decree allowing the account could not be attacked except for fraud, but that if the plaintiff was guilty of fraud the verdict should be against him. Of that charge, we said (p. 535): "The ruling of the court, that the decree of probate was conclusive unless fraud was shown, gives the defendant no valid ground of complaint." It will be noted that the only ground upon which the decree was attacked was fraud, and the language of the opinion falls short of the statement in the

syllabus that a probate decree cannot be attacked collaterally except for fraud. That aside, the opinion well illustrates the meaning of the words "collaterally attacked," as used in the statute. The position of the defendant in that case was that the expenses of defending the probate of the will were not a proper charge on the estate; but the decree allowing the account stood in his way; and as incidental to his defense it was necessary for him to avoid its effects. An attack upon a judgment which is merely incidental to the principal claim or defense of a party is quite generally regarded as collateral. *Newcomer* v. *Newcomer,* 199 Iowa 290, 292, 201 N. W. 579; *Dodge* v. *Detroit Trust Co.,* 300 Mich. 575, 612, 2 N. W. 2d 509; *Combs* v. *Deaton,* 199 Ky. 477, 481, 251 S. W. 638; *Cassady* v. *Norris,* 118 Ark. 449, 456, 177 S. W. 10; 1 Freeman, Judgments (5th Ed.) p. 607; 1 Black, Judgments (2d Ed.) p. 376; see *Bennett Estate* v. *New Haven,* 117 Conn. 25, 37, 166 A. 680; *McNerney* v. *Downs,* 92 Conn. 139, 143, 101 A. 494; *Smith* v. *Hall,* 69 Conn. 651, 665, 38 A. 386. On the other hand, it is generally held that an equitable proceeding for relief on the ground that a judgment is invalid because of fraud, mistake, or the like, which entered into its procurement as an efficient cause constitutes a direct and not a collateral attack upon it. *Powell Garard & Co.* v. *Erath County, Tex.,* 274 F. 305, 308; *Park* v. *Park,* 123 F. 2d 370, 372; *Warren* v. *Union Bank,* 157 N. Y. 259, 276, 51 N. E. 1036; *James* v. *Young,* 111 Kan. 310, 313, 206 P. 905; *Beil* v. *Gaertner,* 355 Mo. 617, 622, 197 S. W. 2d 611; *Liebhart* v. *Lawrence,* 40 Utah 243, 250, 120 P. 215; 1 Freeman, op. cit., p. 613; see *Delehanty* v. *Pitkin,* 76 Conn. 412, 423, 56 A. 881.

The defendant contends, however, that such an action as this is a collateral attack because, as equity cannot set aside the decrees of the Probate Court and the

only remedy it can grant is to prevent the use of those decrees in any further proceeding, the attack on the decrees is incidental to the relief sought and so constitutes a collateral attack. As we pointed out in *Folwell* v. *Howell,* supra, 572, the Superior Court has no jurisdiction to set aside a decree of a Probate Court except upon an appeal. The only relief equity can give in such a case as this is by enjoining any use of the decrees in the administration of the estate as intestate to hamper or defeat proceedings to secure the probate of a will later discovered. See *Arrowsmith* v. *Gleason,* 129 U. S. 86, 98, 101, 9 S. Ct. 237, 32 L. Ed. 630; *Chicago, R. I. & P. Ry. Co.* v. *Callicotte,* 267 F. 799, 810; *Given's Appeal,* 121 Pa. 260, 265, 15 A. 468; 31 Am. Jur. 212, § 625. The necessary basis of such relief is, however, a conclusion that the decrees are void because of fraud, mistake or a like equitable ground. Such a conclusion is not incidental to the relief sought in the action but is the essential and only basis upon which that relief can be given. When, in the *Folwell* case (p. 571), we spoke of the relief which equity could afford as "incidental," we were not considering whether or not such proceedings constituted a direct or collateral attack on the judgment and did not use the quoted word in the significance it has in the distinction drawn by many courts between the two methods of attack. In that case we meant to go no further in respect to the relief to be accorded in equity than we have now stated.[1]

---

[1] We note, in passing, that the judgment in the trial court adjudges that the decrees and orders of the Probate Court in the settlement of the estate as intestate "are null and void and the same are hereby set aside and declared of no effect." As we have stated, while a finding that the decrees are invalid is the necessary basis for relief to the plaintiff, that is a conclusion which is included in the finding of the issues for the plaintiff. The operative portion of the judgment should have been restricted to the injunctive relief which the judgment went on to grant.

It follows that the present action is a direct attack upon the decrees of the Probate Court settling the estate as intestate and is not within the provision of the statute that such decrees may not be "subject to collateral attack, except for fraud."

The defendant, however, claims that the admission to probate of the will is barred by the provisions of § 4909 of the General Statutes, Rev. 1930 (Rev. 1949, § 6985). That statute, so far as material to the situation before us, provides: ". . . administration of the estate of any person shall not be granted, nor shall the will of any person be admitted to probate, after ten years from his decease, unless the court of probate upon written petition and after public notice and hearing shall find that administration of said estate ought to be granted, or that said will should be admitted to probate. . . ." The mere reading of this statute shows that it is not an absolute bar to the admission of the will of the decedent to probate although he has been dead more than ten years. If a petition is filed for admission of the will, it will be for the probate court to determine whether or not it should be granted.

Finally, the defendant claims that the plaintiff was guilty of laches. The plaintiff did not learn of the existence of the will until December, 1940. The defendant does not question the finding of the court that the plaintiff relied on the statement of the defendant that she would see that the provisions of the will were carried out and the further finding that the failure of the plaintiff to take any action to protect her rights until this action was begun on December 31, 1945, caused the defendant no prejudice. Prejudice by delay in instituting an equitable action is an essential element of laches. *Mills* v. *Mills*, 119 Conn. 612, 621, 179 A. 5; *Bassett* v. *City Bank & Trust Co.*, 116 Conn. 617, 629, 165 A. 557. We cannot hold that the trial court

could not reasonably conclude that the plaintiff was not guilty of laches in bringing this action. Whether, should the will be admitted to probate, the amount which the executor or an administrator c. t. a. could recover from the defendant might be affected by reason of equitable considerations, we have no need to inquire.

There is no error.

In this opinion the other judges concurred.