JULIUS VARGA ET AL. *v.* HERMAN PARELES

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 6—decided May 15, 1951

*Ralph S. Kantrowitz,* for the appellant (defendant).

*Kenneth J..Zarrilli,* with whom, on the brief, was *Edward J. Lang,* for the appellee (named plaintiff).

O'SULLIVAN, J. The plaintiffs, Julius and Martha Varga, brought this action to recover damages from the defendants, Herman and Charlotte Pareles. The complaint alleged that the plaintiffs had been unlawfully evicted from their premises. Mrs. Pareles was subsequently dropped as a defendant. The jury returned a verdict for Julius on the complaint, and for the defendant on a counterclaim for rent against both plaintiffs. The defendant's appeal is concerned only with the verdict and judgment in favor of Julius. Since the status of Mrs. Varga has no bearing on the appeal, we shall ignore her as a party.

The plaintiff's claims of proof were as follows: On October 9, 1947, the defendant bought a duplex house

located at 453 High Ridge Drive, Bridgeport. The plaintiff, with his wife and children, was then occupying one of the flats, and Richard Evans and his family the other. The premises were in a defense rental area and were subject to the provisions of the federal Housing and Rent Act of 1947. On December 11, 1947, the defendant instituted a summary process action against the plaintiff, and on June 1, 1948, the City Court of Bridgeport, to which the writ had been returned, rendered judgment for the defendant to recover possession of the premises. He had testified at the trial that he wanted the flat for his own use. It was on the basis of this testimony that the court reached its decision. Execution was issued, and on June 11 the plaintiff and his family were evicted. Shortly thereafter, Evans, complying with a previous request by the defendant, moved into the vacant flat, and the defendant then took possession of the one from which Evans had moved. When he took out the execution, the defendant had no intention of personally occuping the plaintiff's flat.

The defendant, on the other hand, claimed to have proved that it was not until after the eviction that he formulated the intention of exchanging apartments with Evans.

Of the various assignments of error, only the one which is directed to the charge merits discussion. The federal Housing and Rent Act of 1947 provided that no action to recover possession of any controlled housing accommodations could be maintained against a tenant who continued to pay the rent to which the landlord was entitled, unless the latter "seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations." 61 Stat. 200, § 209 (a) (2), 50 U. S. C. App. § 1899 (a) (2) (Sup. 1, 1948). The effect of this act was to restrict the enforcement of a land-

lord's right to evict his tenant upon the termination of the lease. The act, however, failed to provide a remedy for one wrongfully dispossessed. *David* v. *Fayman,* 273 App. Div. 408, 410, 78 N. Y. S. 2d 188; Willis, "Federal Housing & Rent Act of 1947," 47 Col. L. Rev. 1118, 1154. Confronted by this situation, the plaintiff had to resort to such a remedy, recognized by law, as he deemed appropriate to redress the claimed wrong. *New Haven* v. *Fresenius,* 75 Conn. 145, 150, 52 A. 823; *Gabriel* v. *Borowy,* 324 Mass. 231, 234, 85 N. E. 2d 435; see *Hathaway* v. *Bornmann,* 137 Conn. 322, 77 A. 2d 91; *Trepanier* v. *Hujber,* 134 Conn. 24, 54 A. 2d 275. He selected and brought an action for abuse of process, and at the trial and before us he expressly disclaimed reliance on either malicious prosecution or fraud. Since he has limited the scope of his action, he may recover, if at all, only upon the ground alleged. *Epstein* v. *New Haven,* 104 Conn. 283, 284, 132 A. 467; *Hayes* v. *New York, N. H. & H. R. Co.,* 91 Conn. 301, 304, 99 A. 694.

The court charged the jury, in part, as follows: "An abuse of process is the misuse of process regularly issued to accomplish an unlawful ulterior purpose. If you find that the defendant resorted to subterfuge in setting forth in his action of summary process that he was seeking possession of the plaintiff's living quarters for his own use and occupancy, thereby obtaining judgment of possession on this basis, and caused Sheriff Anderson to evict the Varga family on an execution based on that judgment, then I charge you that the defendant has committed an abuse of process." In this passage as well as in other parts of the charge, the jury were instructed that the defendant would be liable if the judgment in the action of summary process had been obtained by him through subterfuge.

This instruction conditioned liability upon an improper basis. It permitted the jury to go behind the

judgment of the City Court. On the trial to that court, the issue of the landlord's good faith in seeking possession of the flat for his own occupancy was determined in his favor. It was indispensable that the court reach this conclusion before eviction could be ordered. The finality of the judgment was not challenged by writ of error or other proceeding. Under these circumstances, the plaintiff cannot here predicate his case upon issues which have been previously decided against him. *Miller* v. *McNamara,* 135 Conn. 489, 495, 66 A. 2d 359; *Noyes* v. *Shanahan,* 325 Mass. 601, 604, 91 N. E. 2d 841; *David* v. *Fayman,* 273 App. Div. 408, 410, 78 N. Y. S. 2d 188, aff'd, 298 N. Y. 669, 82 N. E. 2d 404. The claimed wrong to him arose, if at all, from events occurring after judgment was rendered. Whether the judgment of the City Court was obtained by subterfuge had no place in the case at bar. The judgment was one upon which the defendant was entitled to execution and, being final, was unimpeachable in this proceeding.

Since the case must be retried, we refer to a definition used by the court in its charge. The instruction was that "abuse of process is the misuse of process regularly issued to accomplish an unlawful ulterior purpose." This was a direct quotation from *Schaefer* v. *O. K. Tool Co.,* 110 Conn. 528, 532, 148 A. 330. We have reexamined this definition and are satisfied that, while an ulterior motive often is present, it is not an essential element of the action. One who uses a legal process against another in an improper manner or to accomplish a purpose for which it was not designed is liable to the other for the injury caused thereby. See Restatement, 3 Torts § 682. In the former instance, the action lies, for example, against anyone who uses oppression or unreasonable force in the service of process, or causes it to be used, irrespective of his motive in so doing. *McGann* v. *Allen,* 105 Conn. 177, 188, 134 A.

810; *O'Connor* v. *Solomon,* 103 Conn. 744, 749, 131 A. 736.

There is error, the judgment on the complaint is set aside, and a new trial is ordered, limited to a determination of the issues on the complaint.

In this opinion the other judges concurred.