[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ON MOTIONS FOR SUMMARY JUDGMENT
This case has a long history which was summarized by the Supreme Court at 225 Conn. 705 at 707-710. After the case was remanded for "further proceedings" each of the parties have filed motions for summary judgment.
The defendant R.G. Whipple, Inc. (hereinafter "Whipple") filed its motion dated October 12, 1993 (Clerk Docket Number 162). The plaintiff thereafter filed her motion for summary judgment dated October 29, 1993 (Clerk Docket Number 165). The defendant Edward E. Moukawsher filed his motion for summary judgment on November 4, 1993 (Clerk Docket No. 168). Various memoranda and motions in opposition were filed by the parties and it was stipulated at oral argument on December 7, 1993 that the court should consider all three motions and their respective opposition documentation together.
All parties were represented by counsel at the oral argument on the motions where a full hearing was had relating to the same. No procedural objections were advanced by any party.
Essentially the issue is whether any party is entitled to summary judgment with regard to the first two counts of the original complaint of the plaintiff's dated July 11, 1988, both of which allege abuse of process as to R.G. Whipple, Inc. (Count I) and Edward E. Moukawsher (Count II).
". . . Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact'; (internal quotation marks omitted) Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); it CT Page 1476 [is] incumbent up on the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists.' Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116
(1990). `The presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment.' Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980); `Real Estate Auctions, Inc. v. Senie, 28 Conn. App. 563, 567, 611 A.2d 452
(1992). Moreover, `[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781, quoting Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984)." Wadia Enterprises, Inc. v. Hirschfield, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Pinheiro v. Board of Education, 30 Conn. App. 263,267-68, 620 A.2d 159 (1993);
NARDI v. AA ELECTRONIC SECURITY ENGINEERING, 32 Conn. App. 205
(1993).
The plaintiff, in her memorandum of law in support of her motion for summary judgment, claims that she is entitled to summary judgment on counts one and two of her original complaint. The plaintiff argues that counts one and two of her original complaint establish a cause of action for abuse of process. Specifically, the plaintiff argues that the defendants abused the attachment process in that the defendants attached her property for the purpose of preventing the plaintiff from defeating an eviction. The plaintiff argues that because the sole legitimate purpose of an attachment is to secure a claim for money, the defendants utilized the attachment process to accomplish an end other than that for which it was designed to accomplish.
The defendants argue that their motions should be granted and the plaintiff's motion denied for the following reasons. The defendants first argue that the issues raised by the plaintiff in the first count of the original complaint are barred by the doctrine of res judicata. The defendants claim that because the plaintiff had full and fair opportunity to raise any and all relevant issues at the time of the hearing on the motion to open the default judgment, she is now precluded from again raising these issues through the abuse of process count in the original complaint. The defendants CT Page 1477 further argue that as a matter of law, the allegations contained in the first count of the plaintiff's original complaint cannot form the basis of a claim for abuse of process.
The defendants' argument that the plaintiff's abuse of process claims are barred by the doctrine of res judicata is without merit. The defendants' interpretation of the supreme court's holding in Jackson v. Whipple, 225 Conn. 705,627 A.2d 374 (1993), is erroneous. The supreme court, in ruling that the prior proceedings have no preclusive effect, stated:
 The trial court's ruling in the collection action, did not, however, indicate on what basis it denied the plaintiff's motion [to set aside the default judgment]. We cannot say, therefore, that she was afforded a full and fair opportunity to explore the factual issues she later sought to litigate in her abuse of process claims. Nor can we conclude that the default judgment in the collection action "necessarily determined" all of the issues that were later precluded. We conclude that the court misapplied the doctrine of res judicata and improperly granted the defendants' motion for summary judgment.
(Citations omitted.) Jackson v. Whipple, supra, 719-20. Therefore, the plaintiff's abuse of process claims are not barred by the doctrine of res judicata.
In counts one and two of her original complaint, the plaintiff alleges, inter alia, the following facts. On or about February 10, 1987, the defendants filed a complaint against the plaintiff for expenses incurred in a summary process action against the plaintiff and claiming damages for expenses and attorney's fees to which they were not entitled under the lease agreement. On or about February 3, 1987, the defendants filed an application for a prejudgment remedy and an affidavit. The affidavit was misleading in that the defendants made misrepresentations of sums owed for additional costs and attorney's fees which the plaintiff was not obligated to pay under the lease agreement. On or about February 10, 1987, the defendants filed an order for prejudgment remedy and notice to defendant. In order to procure a default judgment in their favor, the notice was CT Page 1478 intentionally sent to the wrong address in order to delay its receipt by the plaintiff. The above conduct "constitutes a legally wanton abuse of process" by the defendants.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it is not designed., (Internal quotation marks omitted.) Varga v. Pareles,137 Conn. 663, 667, 81 A.2d 112 (1951). "Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process against another primarily to accomplish a purpose for which it is not designed." (Internal quotation marks omitted.) Mozzochi v. Beck, 204 Conn. 490, 494,529 A.2d 171 (1987).
The defendants argue that the present case is not actionable as an abuse of process. The defendants argue that the claim in the present case is not that the primary purpose of the defendants was some purpose other than the attachment and execution against the plaintiff's mobile home for a debt, but that in pursuing that end, the defendants failed to give proper notice and sought recoveries to which they were not entitled. The defendants argue that because, as a matter of law, such claims are not abuse of process claims, there exists no genuine issue as to any material fact and, therefore, their motions for summary judgment must be granted.
The plaintiff argues in response that she has established a sufficient claim for abuse of process. In support of this argument, the plaintiff relies on facts which she contends establish that the defendants used the attachment process to prevent the plaintiff from defeating an eviction, a purpose for which the attachment process was not designed. The plaintiff has not, however, alleged these facts in her original complaint.
The viability of an abuse of process claim turns on the specificity of its allegations. Mozzochi v. Beck, supra, 497 n. 2. The plaintiff does not allege that the defendants used the attachment process for a purpose other than that for which it was designed. See Varga v. Pareles, supra, 667. Because the plaintiff's complaint does not allege a legally sufficient CT Page 1479 claim for abuse of process, the defendants' motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied.
Judgment is entered accordingly
Leuba, J.