[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 18, 1995
This action was originally filed by the plaintiff, Debra Guenther, against the defendant. Steven Levy, as a small claims action. On September 16, 1994, the case was transferred to the regular docket of this court. The plaintiff subsequently filed a substitute complaint in two counts alleging abuse of process and vexatious suit. The complaint alleges the following facts.
The defendant, an attorney at law licensed in the State of Connecticut, sued the plaintiff in small claims court for legal services rendered. The defendant obtained a judgment for $2,000 plus $30 costs, which the plaintiff was to pay by making weekly payments of $15 beginning on July 7, 1994 and continuing until the sum was paid in full. On June 28, 1994, the defendant applied for a bank execution against debts due to the plaintiff despite the fact that weekly installment payments were not to begin until July 7. This execution was rescinded by a small claims clerk on July 5, 1994. CT Page 933
On August 2, 1994, the defendant applied for a second bank execution, which was signed by the small claims clerk on August 3, 1994. The plaintiff alleges that the defendant obtained the second execution order by falsely claiming that the plaintiff had not paid any money toward the damages and costs in the small claims suit, when in fact the defendant knew or should have known that checks were timely received by the defendant in his office. The defendant deliberately refrained from cashing her checks, the plaintiff alleges, so that he might claim on the execution application that no payments had been made. The plaintiff further alleges that the defendant deliberately committed abuse of process by executing the entire damages when he was only entitled to the weekly payments, which were timely made by the plaintiff, and that the defendant committed these actions maliciously in order to enrich himself prematurely.
The second count of the substitute complaint alleges vexatious suit. It makes the same allegations as the first count and alleges additionally that, after a hearing, a magistrate granted the plaintiff's filing of an exemption from execution. The magistrate found that compliance with the order of the court for weekly payments could not be usurped by bank execution in small claims court because a more appropriate avenue would be a motion for modification. The magistrate also based his decision on the fact that while the General Statutes permit an appeal from a bank execution, there are no appeal procedures available in small claims court.
On October 27, 1994, the defendant filed a motion to strike both counts of the complaint with a supporting memorandum of law. The defendant argues that he did not commit an abuse of process because a bank execution was permitted by Gen. Stat. Sec. 52-367b. The defendant argues that the second count for vexatious suit should fail because there has never been a termination of a prior suit in the plaintiffs favor, nor did he lack probable cause to file the underlying suit. The plaintiff timely filed CT Page 934 a memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike is the proper way to contest the legal sufficiency of a complaint. Practice Book Sec. 152. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
The defendant argues that the first count of the plaintiff's substitute complaint, alleging abuse of process, should be stricken because the bank execution was permitted by General Statutes Section 52-367b. The defendant argues that since he used the bank execution process to obtain a bank execution when there was no statutory prohibition, he did not commit an abuse of process.
The plaintiff argues that she has sufficiently stated a cause of action for abuse of process. The plaintiff argues that by applying for a bank execution while an installment payment order was outstanding and by falsely stating that no payments were made on the bank execution application, the defendant committed an abuse of process in that he used the bank execution to accomplish a result that could not be achieved by the proper use of the process.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it is not designed. (Internal quotation marks omitted.) Varga v. Pareles, 137 Conn. 663, 667,81 A.2d 112 (1951). "Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682, emphasizes CT Page 935 that the gravamen of the action for abuse of process is the use of a legal process against another primarily to accomplish a purpose for which it is not designed." (Internal quotation marks omitted.) Mozzochi v. Beck,204 Conn. 490, 494, 529 A.2d 171 (1987).
The Connecticut Appellate Court has explained that
 [a]buse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently, in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause. (Footnotes omitted.)
Lewis Truck and Trailer, Inc. v. Jandreau, 11 Conn. App. 168,170-71, 526 A.2d 532 (1987), quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) 121, p. 897. The viability of an abuse of process claim turns on the specificity of its allegations. Mozzochi v. Beck,supra, 497 n. 2.
The first count of the plaintiff's complaint makes two basic allegations of improper use of the bank execution process. First the plaintiff alleges that the defendant improperly sought a bank execution prior to the date when installment payments were to begin under the small claims court's order. Second, the plaintiff alleges that the defendant made false statements in an application for a second bank execution and that he deliberately failed to cash the plaintiff's check payments so he could claim in the application that no payments of damages or costs were made.
The defendant claims that the bank executions in this case were permitted under General Statutes Section52-367b. That statute provides in part that CT Page 936
 [e]xecution may be granted pursuant to this section against any debts due from any banking institution to a judgment debtor who is a natural person, except to the extent that such debts are protected from execution by sections 52-352a, 52-352b, 52-352c, of the general statutes revised to 1983, 52-354
of the general statutes revised to 1983, 52-361 of the general statutes revised to 1983 and section 52-361a, as well as any other laws or regulations of this state or of the United States which exempt such debts from execution.
Gen. Stat. Sec. 52-367b(1).
The defendant contends that this section contains no restrictions on applying for a bank execution when the court has issued a weekly installment payment order and the plaintiff has not defaulted on her payments. While this section does not contain such an explicit restriction it is only a starting point in the analysis of whether a bank execution is permitted when a weekly installment payment order is issued by a small claims court. Other statutes and court rules provide insight into the efficacy of such an execution. For example, Practice Book Sec. 583, which deals with judgments in small claims actions, provides that
 [t]he court may order that the judgment shall be paid to the prevailing party at a certain date or by specified installments, and may stay the issue of execution and other supplementary process during compliance with such order. Such stay may be modified and vacated at any time for good cause.
Practice Book Sec. 583. Additionally, Conn. Gen. Stat. Sec. 52-356d, which deals with installment payment orders, in part provides that
 [i]n the case of a consumer judgment, the court may provide that compliance with the installment payment order, other than with an order for nominal payments pursuant to subsection (c) of this section, shall stay any property execution or foreclosure CT Page 937 pursuant to that judgment, provided such a stay is reasonable considering the nature of the debt and the financial circumstances of the judgment debtor.
Gen. Stat. Sec. 52-356d(b).
Thus, a party may be precluded from pursuing a bank execution when the court makes an installment payment order in the case of a consumer judgment or in a small claims action. Both Practice Book Sec. 583 and Gen. Stat. Sec. 52-367d(b) provide that the court "may" provide that compliance with the order will stay such an execution. In the present case there is no allegation that the court did so provide. Though the small claims notice of judgment in this case states that wages or property may be attached "[i]f payments are not made as ordered," the court can only consider the allegations of the complaint. Liljedahl Bros., Inc. v. Grigsby, supra,215 Conn. 348. Therefore, the allegation that the defendant instituted a bank execution while a weekly payment order was in effect does not by itself constitute an abuse of process.
The court's analysis would end if these were the only allegations of the first count of the plaintiff's complaint. However, not only does the plaintiff make these allegations, she also alleges that the defendant obtained the second bank execution by making false statements on the application. Furthermore, the plaintiff alleges that the defendant deliberately refrained from cashing the plaintiff's payments in order to claim on the application that no payment of damages or costs had been made.
The defendant's memorandum does not address these allegations of the first count. Instead, the defendant attempts to analogize the allegations of the first count with Lewis Trucking and Trailer Inc. v.Jandreau, supra, 11 Conn. App. 168. In that case, the plaintiff obtained an ex parte prejudgment remedy for the attachment of a truck, which was later dissolved because the plaintiff did not comply with Gen. Stat. Sec. 14-65f(a). Id., 170. The Appellate Court held that "[s]ince the prejudgment remedy CT Page 938 was used for its proper purpose, the plaintiff did not abuse the use of this process." Id., 170. In Jandreau,
the court pointed out that there had been no evidence of misuse or misapplication of the prejudgment remedy process. Id.
In this case, however, the plaintiff makes allegations of misuse and misapplication of the bank execution process. First, there is an allegation that the defendant made false statements on the second bank execution application by stating that the plaintiff had not paid any amount towards the judgment when the defendant knew or should have known that his office timely received the check payments made pursuant to the court's judgment order. Secondly, there is an allegation that the defendant deliberately failed to cash the plaintiff's checks, made pursuant to the court's judgment order, so that he could claim on the bank execution application that no payments were made. Finally, there is an allegation that the defendant executed on the entire amount of the judgment when he was not entitled to do so. The plaintiff alleges that defendant maliciously committed these acts to prematurely enrich himself. These allegations show a misuse and misapplication of the bank execution process by the defendant.
Construing these allegations of the first count in a light most favorable to the plaintiff; Rowe v. Godou,supra, 209 Conn. 278; the court believes the plaintiff has alleged a legally sufficient claim for abuse of process. The gravamen of the first count of the complaint is not merely that the defendant applied for a bank execution when an installment payment order was in effect. Instead, the first count makes serious allegations as to the propriety of the defendant's conduct in seeking the bank executions, for example by making false statements on the second bank execution application or by deliberately failing to cash the plaintiffs checks. The allegations of the first count sufficiently state that the defendant used the bank execution process "in an improper manner or to accomplish a purpose for which it is not designed." Vargav. Pareles, supra, 137 Conn. 667. CT Page 939
For these reasons, the motion to strike the first count of the complaint is denied.
The defendant argues that the second count of the complaint should also be stricken because it fails to state a claim upon which relief can be granted. The defendant argues that since there was no termination of a suit in the plaintiffs favor and there was probable cause for bringing the underlying action, the plaintiff has failed to allege the necessary elements of a vexatious suit claim.
The plaintiff claims that there was a favorable determination of the underlying action in the plaintiffs favor because the second bank execution coupled with the alleged fraud rose to the equivalent level of a suit in the context of the small claims court. Additionally, the plaintiff claims that the defendant did not have probable cause to obtain a bank execution because he failed to deposit the weekly payment checks tendered by the plaintiff.
Our Supreme Court has repeatedly held that a claim for vexatious litigation requires a plaintiff to allege that the previous litigation was initiated maliciously, without probable cause, and terminated in the plaintiffs favor. See DeLaurentis v. New Haven,220 Conn. 225, 248, 597 A.2d 807 (1991); Mozzochiv. Beck, 204 Conn. 490, 492, 529 A.2d 171 (1987);Blake v. Levy, 191 Conn. 257, 260, 464 A.2d 52
(1983); Vanderluis v. Weil, 176 Conn. 353, 356,407 A.2d 982 (1978); Calvo v. Bartolotta, 112 Conn. 396,397, 152 A. 311 (1930). In suits for vexatious litigation, it has been recognized to be sound policy to require the plaintiff to allege that the prior litigation terminated in the plaintiff's favor. Blake v. Levy,supra, 264.
The plaintiff's complaint specifically states that the result of the underlying action was a judgment in favor of the defendant. The court does not believe the granting of an exemption from the second bank execution constitutes a termination of the prior litigation in favor of the plaintiff. The application for a bank execution and the hearing for exemption therefrom pursuant to CT Page 940 General Statutes Sec. 52-367b are merely postjudgment procedures and do not constitute separate suits. Since the underlying action terminated in favor of the defendant, the plaintiff cannot maintain an action for vexatious suit. The plaintiff's motion to strike the second count is therefore granted.
In conclusion the defendant's motion to strike the first count of the plaintiff's complaint is denied because the plaintiff has alleged a legally sufficient claim for abuse of process. The motion to strike the second count of the complaint is granted because the plaintiff has failed to allege a legally sufficient claim for vexatious suit.