[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike the complaint in this action for failure to state a claim upon which relief can be granted. The complaint alleges that the withdrawal of a complaint brought by the defendant D.A.N. Joint Venture against the plaintiff after the vigorous pursuit of discovery and trial preparation, but prior to the commencement of the trial on the CT Page 1068 merits, constitutes a violation of the Connecticut Unfair Trade Practices Act, § 42-110a et seq. ("CUTPA"). The complaint does not allege that D.A.N. brought the prior action maliciously or without probable cause, allegations necessary to a cause of action for vexatious litigation, nor does it allege that the D.A.N. used the prior process in an improper manner or to accomplish a purpose for which the process was not designed, allegations necessary to a cause of action for abuse of process.
In order to provide guidance for CUTPA's general proscription of unfair or deceptive acts or practices the Connecticut Supreme Court in Conaway v. Prestia, 191 Conn. 484, 464 A.2d 847 (1983), adopted the standard of FTC v. Sperry Hutchinson Co., 405 U.S. 233,92 S.Ct. 898, 31 L.Ed.2d 170 (1972). Under that standard, the federal trade commission looks to a number of factors in deciding whether an action or practice is unfair:
 "`(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .'"
FTC v. Sperry Hutchinson Co., supra, 244 n. 5.
It is clear that the prosecution of a lawsuit is not prohibited by statute or common law. To the contrary, the statutes, Rules of Court and common law expressly allow such conduct. Moreover, Connecticut General Statutes § 52-80
permits a plaintiff to withdraw any action before the commencement of a hearing on the merits thereof. The right to withdraw a case before hearing has been held to be "absolute and unconditional." Baker v. Cordisco, 37 Conn. App. 515, 520,657 A.2d 230 (1995); H.G. Bass Associates, Inc. v. Ethan Allen,Inc., 26 Conn. App. 426, 431, 601 A.2d 1040 (1992); Lucas v. St.Patrick's Roman Catholic Church Corp., 123 Conn. 166, 170,193 A.2d 204 (1937).
It is not uncommon for litigants to withdraw a lawsuit prior to the commencement of trial after engaging in a course of "vigorous" pretrial proceedings. For example, the plaintiff in a foreclosure action may become aware of environmental CT Page 1069 contamination of property he is seeking to foreclose and may chose to withdraw the action rather than risk becoming the owner of the property by foreclosure. The plaintiff in a personal injury action may find that the testimony of his principal witness has changed, or that the witness is unavailable for trial. He may wish to withdraw the action rather than devote time and money to a trial which would probably result in a defendant's verdict and expose him to liability for the plaintiff s costs. Such withdrawals avoid the unnecessary use of judicial and legal resources and, therefore, should be encouraged. A party's willingness to file a withdrawal of an action would certainly be chilled if such filing, combined we his prior "vigorous" prosecution of the action, were all that were necessary to impose CUTPA liability.
Our common law recognizes liability for misuse of the litigation process in the torts of vexatious litigation and abuse of process. A claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff s favor.Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978);Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311 (1930);Schaefer v. O.K. Tool Co., 110 Conn. 528, 532, 148 A. 330 (1930). The Courts of this state have recognized abuse of process as "a cause of action in tort whose gravamen is the misuse or misapplication of process, its use `in an improper manner or to accomplish a purpose for which it was not designed'" Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385
(1980) quoting Varga v. Pareles, 137 Conn. 663, 667, 81 A.2d 112
(1951); 3 Restatement (Second), Torts 682.
In Mead v. Burns, 199 Conn. 651, 665 509 A.2d 11 (1986) the Supreme Court required that a CUTPA cause of action which was based on the public policy established by the Connecticut Unfair Insurance Practices Act (CUIPA), Connecticut General Statutes 38-60 and 38-61 (6)(d), "be consistent with the regulatory principles established by the underlying statutes," Similarly, a CUTPA cause of action based on the public policy against abuse of litigation must be consistent with the common law requirements for establishing the tort of abuse of process or the tort of vexatious litigation. The complaint in this action does not state a cause of action for either abuse of process, or vexatious litigation. Therefore, it does not allege a CUTPA violation and must be stricken. CT Page 1070
By the court,
Aurigemma, J.