[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
CT Page 10010
Plaintiff brings this action in four counts for damages resulting from the defendants' filing of an appeal from the decision of the Town of Glastonbury Zoning Board of Appeals (Board) granting plaintiffs application for a Conditional Subdivision.
The first count alleges that defendants were negligent in filing the appeal. The second count alleges "tortious interference with the plaintiffs business relationships" which was intentional. The third alleges "misuses of the process of appeal." And the fourth appears to be for vexatious litigation.
This action was begun January 29, 2000.
 Facts
On or about November 1, 1999 the plaintiff filed an application for Conditional Subdivision. Fourteen lots were proposed and the elimination of two cul-de-sacs which were about 950 feet apart and directly opposite each other. One was the end of Tall Timbers Road and one at the end of East Tall Timbers Road. The application was approved January 4, 2000. The subdivision application proposed a connection of those two roads. Defendants filed an appeal of that approval on January 18, 2000. The 15 day stay for appeal ended January 19, 2000. Thereafter plaintiff had 90 days to file necessary materials with the Board. On April 13, 2000 the Board held a pre-construction meeting in regard to the proposed subdivision. On June 20, 2000 the Board approved the final subdivision plan. On July 11, 2000 the plaintiffs obtained the full necessary bonding for the subdivision. For applications filed in the winter this is a typical schedule except, of course, for the appeal.
The court was not provided with any zoning regulations of the town. We do know that roads leading to the cul-de-sac may be limited to a length of 1,500 feet. We also know that there are exceptions to that rule.
One, and probably two, of the defendants own real property within 100 feet of the subdivision as proposed. CT Page 10011
The defendants did no traffic study in regard to the effect of the termination of the two cul-de-sacs and the connection of the two roads which presently end at the cul-de-sacs.
The defendants conferred with two attorneys, a civilian of serious zoning experience and at least thirty-five of their neighbors and considered it would be appropriate to file the appeal.
They have since had a limited traffic study which lessened some of their concerns and somewhat weakened their belief in their appeal. Since April, 2000 they have offered to withdraw their appeal if plaintiff would withdraw the suit. Neither of those withdrawals have been filed but defendants still make their offer.
 Law I. Negligence
The court finds no action in law that may be maintained by the party sued for negligence against the person bringing the suit. The court has been cited, to no case supporting such a cause.
The policy that this court recognizes is the same policy behind the necessary allegations in a claim for vexatious litigation, supra, IV., i.e., that the prior litigation terminated in plaintiffs favor. That policy "serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action." Zeller v.Consolini, 235 Conn. 417, 424.
Defendants zoning appeal was instituted with probable cause. Schaefer v.O.K. Tool Co., Inc., 110 Conn. 528, 535-536.
 II. Tortious Interference
Our courts recognize a cause of action for tortious interference with business relations as well as with contract. Blake v. Levy, 191 Conn. 257,260. However, plaintiff must plead and prove some improper motive or improper means. Such means are only wrongful when measured by some acts beyond the fact of interference itself. Id., 262. We have no evidence offered here that any act was improper beyond the suit itself.
 III. Misuse of Process
A claim for misuse or abuse of process lies against any person using "a legal process against another in an improper manner or to accomplish a purpose for which it is not designed." Varga v. Pardes, 137 Conn. 663, CT Page 10012 667. The abuse of the process must be primarily to accomplish a purpose for which it was not designed. Mozzochi v. Beck, 204 Conn. 490, 494.
 IV. Vexatious Litigation
A claim for vexatious litigation requires a plaintiff to allege that the prior suit was initiated maliciously, without probable cause, and terminated in the plaintiffs favor. Vandersluis v. Weil, 176 Conn. 396,397. The complaint here fails to allege facts to prove either probable cause or that the prior suit ended with a decision in his favor.
The defendants claims are not based on the doctrine of "prior pending actions."
This court cannot find probable cause that plaintiff has a viable cause of action under any of the four counts.
Application denied.
N. O'Neill, J.