Thomas DONEGAN, et al.

v.

TOWN OF WOODBURY, et al.

Civ. No. 3–91–760 (WWE).

United States District Court,
D. Connecticut.

June 15, 1994.

John W. Colleran, Colleran & Carboni, P.C., New Haven, CT, for plaintiffs.

H. Bissell Carey, III, Linda L. Morkan, Robinson & Cole, Hartford, CT, Augustus R. Southworth, III, Kathy S. Bower, Gager & Henry, Waterbury, CT, for Town of Woodbury, Woodbury Planning Commission, Janet Bunch, Andrew Pelko, III.

H. Bissell Carey, III, Linda L. Morkan, Robinson & Cole, Hartford, CT, for Carmody & Torrance, Maureen D. Cox, Marianne Dubuque.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiffs are the owners of real property located in Woodbury, Connecticut. They brought this action pursuant to 42 U.S.C. § 1983 against persons involved in a decision by the Woodbury Planning Commission ("WPC") denying plaintiffs' resubdivision proposal. Plaintiffs claim that defendants

violated their due process rights under the federal and state constitutions. Defendants have moved for summary judgment. For the following reasons, defendants' motion will be granted.

### BACKGROUND

The genesis of this case traces back to 1972 when the WPC permitted the subdivision of a 30 acre parcel of property into three lots, one of which is the eleven-acre lot now in dispute. A map of the eleven-acre lot was prepared and bore the following notation: "Note: These lot [sic] may not be re-subdivided." The map and its notation were recorded on the Woodbury land records.

Plaintiffs acquired the eleven-acre lot and, in 1987, applied to the WPC for resubdivision approval. The WPC conducted a public hearing at which nearby land owners presented evidence that the lot's soil was not suitable for an adequate septic system. Plaintiffs presented evidence that the Pomperaug Health District approved the septic system. The decision of the WPC did not involve this conflicting evidence, but instead rested on the fact that since 1972 no one had challenged the validity of the map notation. The WPC therefore gave legal effect to the notation, determined that plaintiffs could not resubdivide their eleven-acre lot and on October 5, 1988, denied plaintiffs' application.

Pursuant to Conn.Gen.Stat. § 8–8, plaintiffs appealed to the Superior Court. The Superior Court determined that the map's notation was devoid of any legal effect and that it could not form the basis of the WPC's decision. *Clark v. Planning Comm. Town of Woodbury,* No. 087750 (Conn.Super.Ct. Dec. 6, 1989) (citing *Muscowitz v. Planning and Zoning Commission,* 16 Conn.App. 303, 303–309, 547 A.2d 569 (1988)). Plaintiffs returned to the WPC and ultimately obtained permission to resubdivide their property.

Plaintiffs brought the present action, alleging that they had a clear entitlement to approval of their resubdivision proposal and that the WPC's initial denial of the proposal violated their rights to due process. Plaintiffs seek damages for the decrease in the value of their property from September, 1987, when they first sought approval of the resubdivision plan, to December, 1989, when they obtained the WPC's permission to resubdivide their property.

### DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

### Due Process under the Federal Constitution

■ Plaintiffs claim that the WPC's denial of their resubdivision application violated their due process rights under the federal constitution. A threshold issue is whether plaintiffs have a "clear entitlement" to approval of their resubdivision proposal. *RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 918 (2d Cir.), *cert. denied,* 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989); *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 59 (2d Cir.1985). In cases involving substantive or procedural due process claims, the clear entitlement test addresses whether a plaintiff has a cognizable property interest. *RRI Realty,* 870 F.2d at 914; *Brd. of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ The clear entitlement test governs cases in which zoning authorities deny applicants land use permits. When there is a

certainty or a very strong likelihood that an application will be granted, then the applicant is clearly entitled to zoning approval. *Yale Auto Parts, Inc.*, 758 F.2d at 59. The denial of zoning approval in such cases implicates the applicant's constitutional rights to due process. *See, e.g., Sullivan v. Town of Salem*, 805 F.2d 81 (2d Cir.1986).

The degree of discretion that a zoning authority exercises is often the determinative factor in the clear entitlement analysis. It is the local agency's authority to deny a zoning application that defeats the existence of a federally protected property interest. A "strong likelihood" of issuance is not present unless "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured." Because the question of entitlement hinges on the degree of official discretion, the issue is usually a matter of law for the court. *RRI Realty*, 870 F.2d at 918.

■ In the present case, plaintiffs have not established that approval of the resubdivision proposal was virtually assured. Pursuant to the Woodbury Subdivision Code ("code"), the WPC had wide discretion in deciding whether to approve plaintiffs' application. The code provides that the WPC *"may* approve on-site facilities for sewage disposal ... when all of the following conditions are met." Woodbury Subdivision Regulations § 4.8.1 (emphasis added). At a minimum, the code required plaintiffs to satisfy all of the conditions listed in the code. Even then, the WPC retained the discretion to deny the application for inadequate sewage facilities.

Evidence presented at the public hearing indicated that the proposed septic system was inadequate given the content of the soil. The record supplies grounds on which the WPC could have exercised its discretion to plaintiffs' disadvantage. It may be that plaintiffs thought the WPC would exercise its discretion favorably, but plaintiffs' anticipated success fails the clear entitlement test. "[A]n entitlement does not arise simply because it is likely that broad discretion will be favorably exercised." *RRI Realty*, 870 F.2d at 918. In view of the evidence of possible septic problems, the WPC had broad discretion to deny plaintiffs' application.

Plaintiffs argue that the clear entitlement test must focus on the discretion *actually* exercised by the WPC. In their view, because the WPC's reliance on the map notation had no basis in law, the court cannot look to another provision in the subdivision code for an alternative source of discretion. Plaintiffs' position is meritless.

The fact that the WPC improperly relied on the map notation is of no moment. The focus is on the degree of discretion under the code. Irrespective of whether the WPC predicated its denial on an unlawful reason, "the fact that the permit *could have been denied* on non-arbitrary grounds defeats the federal due process claim." *RRI Realty*, 870 F.2d at 918. (emphasis added).

In addition, clear entitlement depends on the likelihood of approval at the time the application is filed. *Kelley Property Dev., Inc. v. Town of Lebanon*, 226 Conn. 314, 327, 627 A.2d 909 (1993). In other words, the court must view the entitlement question from the perspective of an applicant who is initiating a request for approval. The applicant of course seeks approval before the zoning authority has exercised its discretion. It follows that the *actual* discretionary basis on which a zoning authority relies is not necessarily dispositive.

Given the WPC's broad discretion, plaintiffs cannot establish a clear entitlement to the approval of their resubdivision proposal. The WPC's initial denial of the proposal therefore did not implicate plaintiffs' due process rights. Defendants are entitled to summary judgment on plaintiffs' federal due process claim.

The clear entitlement test necessarily erects a demanding hurdle for land use applicants. Actions similar to the case before the court threaten to convert the federal courts into zoning courts of appeals unless the clear entitlement test is applied with "considerable rigor." *RRI Realty*, 870 F.2d at 918; *Sullivan*, 805 F.2d at 82.

### Due Process under the State Constitution

Plaintiffs also invoke the due process clause of the Connecticut Constitution as a means by which to pursue a damages action against defendants. Plaintiffs' state constitutional claim is misplaced.

Under circumstances strikingly similar to those now at issue, the Connecticut Supreme Court declined to recognize a private right of action under Connecticut's due process clause. *Kelley Property,* 226 Conn. at 342–43, 627 A.2d 909. There, a local zoning commission denied the plaintiff a land use permit. Pursuant to Conn.Gen.Stat. § 8–8, the plaintiff appealed to the Superior Court for relief. The Superior Court sustained the plaintiff's appeal, and the plaintiff later obtained the commission's approval.

The plaintiff filed suit seeking damages for alleged violations of his due process rights under the Connecticut Constitution. The Connecticut Supreme Court rejected plaintiff's claim. The court held that § 8–8 provided the plaintiff with a means by which to rectify the impropriety resulting from the denial of the permit. The court reasoned that § 8–8's administrative remedy strikes a balance between the important interests of land use applicants and the need to limit crippling damages awards imposed on towns and zoning authorities. The court concluded: "we should not construe our state constitution to provide a basis for the recognition of a private damages action for injuries for which the legislature has provided a reasonably adequate statutory remedy." *Id.* at 339, 627 A.2d 909; *See also, State v. Campbell,* 224 Conn. 168, 179, 617 A.2d 889 (1992) (separation of powers requires judicial deference to legislative resolution of conflicting public policies), *cert. denied,* —— U.S. ——, 113 S.Ct. 2365, 124 L.Ed.2d 271 (1993).

■ As in *Kelley Property,* plaintiffs in the instant case cannot invoke the state's due process clause for purposes of a private right of action. Plaintiffs had at their disposal the remedy set forth in § 8–8, namely an administrative appeal to the Superior Court. Indeed, they pursued such an appeal and ultimately gained the approval of the WPC. While § 8–8 may not have provided plaintiffs with a monetary award for the decreased value of their property, it nonetheless provided plaintiffs with a reasonable remedy. *Kelley Property,* 226 Conn. at 343–44, 627 A.2d 909.

### CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment [# 24] is GRANTED. The clerk is directed to close the file.