**Genero VELEZ, Plaintiff,**

v.

**CITY OF NEW LONDON, et al., Defendant.**

Civ. No. 3:94CV02169 (PCD).

United States District Court, D. Connecticut.

Oct. 31, 1995.

288

A. Paul Spinella, Law Offices Of A. Paul Spinella, Hartford, CT, for plaintiff.

Ralph J. Monaco, Conway & Londregan, New London, CT, Michael J. Lefebvre, Michael J. McAndrews, McAndrews & Lefebvre, Hartford, CT, for City of New London, William D. Dittman, Axle Bergeson, Kenneth Edwards, William Gavitt, Margaret Ackley–Clark, Donald Sloan, Richard Kistner, Bruce Rinehart, John Doe, Richard Brown.

Stephen P. Fogerty, Halloran & Sage, Hartford, CT, Emmet L. Cosgrove, Andrews, Quinn, Cosgrove & Young, New London, CT, for Town of Waterford, John A. Davis, Joseph Depasquale, Hugh Teel, Murray Pendleton, Thomas Sheridan.

Stephen Richard Sarnoski, Margaret Quilter Chapple, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Robert M. Caulfield, Jr., Samuel F. Izzarelli, Jr., Scott Martin, Offen, Nicholas Cioffi.

*RULING ON MOTION TO DISMISS*

DORSEY, Chief Judge.

Plaintiff Genero Velez alleges violations of his federal and state civil rights as well as gross negligence, recklessness, negligence, libel and slander, and negligent and intentional infliction of emotional distress. Defendants City of New London, William D. Dittman, Axle Bergeson, Kenneth Edwards, William Gavitt, Margaret Ackley–Clark, Donald Sloan, Richard Kistner, Bruce Rinehart, John Doe, and Richard Brown move to dismiss for failure to state a claim upon which relief can be granted. For the reasons below, defendants' motion is granted in part and denied in part.

*I. BACKGROUND*

Genero Velez has been a New London police officer since at least 1984. Since 1985, Velez has allegedly been the victim of racial discrimination, harassment, intimidation, false criminal complaints, and adverse employment actions including multiple suspensions and subsequent reinstatements. Defendants argue that Velez's claims should be dismissed due to the statute of limitations or for inadequate pleading.

*II. DISCUSSION*

 When considering a motion to dismiss, a court accepts all factual allegations in the complaint as true and draws inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). Dismissal is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Weiss v. Wittcoff*, 966 F.2d 109, 112 (2d Cir.1992). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn. 1990) (quoting *Scheuer*, 416 U.S. at 232, 94 S.Ct. at 1683). The question is "whether or not it appears to a certainty under existing laws that no relief can be granted under any set of facts that might be proved in support of" the claims. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

*A. Statute of Limitations*

 "Although the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n. 1 (9th Cir.1987) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980)). Defendants properly raise the statute of limitations in their motion to dismiss because the complaint alleges conduct ranging from 1985 to the present. *See id.*

*1. State Statutory Claims*

 Counts 4, 7, 8, 9, 10, 11, 16, 20, 22, 26, and 28 assert state statutory claims against the City of New London and its employees. Connecticut General Statutes § 7–465 establishes two prerequisites for such claims: written notice of intent to sue must be filed within six months—and suit must be commenced within two years—of the cause of action's accrual.

Defendants contend that plaintiff incorrectly assumes section 7–465 is a statute of limitations. Defendants argue that the section is actually a substantive and jurisdictional requirement for plaintiff's claims, and plaintiff's failure to comply with it deprives the court of subject matter jurisdiction. *See Ecker v. West Hartford*, 205 Conn. 219, 232, 530 A.2d 1056, 1062–63 (1987).

While no Connecticut appellate court has addressed this issue, several Connecticut trial courts have treated section 7–465 as a statute of limitations. *See Pitchell v. City of Hartford*, No. CV94 0538582S, 1995 WL 231099, at *1 (Conn.Super.Ct. Apr. 10, 1995); *Heussner v. Bloom*, No. CV91 0117944S, 1994 WL 51153, at *5 (Conn.Super.Ct. Feb. 3, 1994). Moreover, section 7–465, like a statute of limitations, aids potential defen-

dants by insuring timely notice of suits and protecting against stale claims. *See Summerville v. Warden, State Prison,* 229 Conn. 397, 427, 641 A.2d 1356, 1371 (1994); *Gabrielle v. Hosp. of St. Raphael,* 33 Conn.App. 378, 384–85, 635 A.2d 1232, 1236 (1994), *appeal denied,* 228 Conn. 928, 640 A.2d 115 (1994). Therefore, section 7–465 is properly identified as a statute of limitations.

■ Defendants argue, in the alternative, that even if section 7–465 is a statute of limitations, plaintiff did not file a notice of intent to sue within six months or commence suit within two years, as required by the section. Plaintiff argues that the "continuing course of conduct" doctrine applies: "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." *Giglio v. Conn. Light & Power,* 180 Conn. 230, 241, 429 A.2d 486, 491 (1980) (quoting *Vilcinskas v. Sears, Roebuck & Co.,* 144 Conn. 170, 174, 127 A.2d 814, 816 (1956)).

Plaintiff alleges a pattern of conduct continuing from 1985 to the present. Therefore, the statute of limitations has been tolled under the "continuing course of conduct" doctrine, and defendants' motion to dismiss plaintiff's state claims is denied.

### 2. 42 U.S.C. §§ 1983, 1985, & 1988

■ Counts 1, 2, and 12 allege violations of 42 U.S.C. §§ 1983, 1985, and 1988. Defendants maintain that these claims are barred by the statute of limitations, and plaintiff again relies on the "continuing violations" doctrine, which is applicable to federal as well as state claims. *See Doe v. Blake,* 809 F.Supp. 1020, 1025 (D.Conn.1992) ("Under this theory, where the last act alleged to be part of the ongoing pattern of discrimination occurs within the filing period, allegations regarding earlier acts are not timebarred.") (quoting *Carr v. Town of Dewey Beach,* 730

F.Supp. 591, 603 (D.Del.1990)); *see also Members of Bridgeport Hous. Auth. Police Force v. City of Bridgeport,* 85 F.R.D. 624, 637 (D.Conn.1980) (statute of limitations did not bar plaintiff's claims under 42 U.S.C. § 1983 because course of discrimination continued into the statutory period). Because plaintiff alleges a pattern of discriminatory continuing to the present, defendants' motion to dismiss counts 1, 2, and 12 is denied.

### 3. 42 U.S.C. § 2000e (Title VII)

■ Defendants state that plaintiff failed to file his Title VII claims in counts 3 and 14 with the Equal Employment Opportunity Commission ("EEOC") within the required 300 days.[1] The "continuing violation" doctrine, however, serves as an exception to the Title VII limitations period. *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *see also Kassaye v. Bryant College,* 999 F.2d 603, 606 (1st Cir. 1993). Because plaintiff alleges a pattern of discrimination continuing to the present, the 300–day requirement is not applicable, and defendants' motion to dismiss counts 3 and 14 is denied.

### B. State Constitutional Claims

■ Counts 5, 6, and 18 seek money damages for alleged violations of the Connecticut Constitution. The state constitution, however, generally does not create a private cause of action for money damages where a reasonably adequate statutory remedy exists. *See Kelley Property Dev., Inc. v. Town of Lebanon,* 226 Conn. 314, 339, 627 A.2d 909, 922 (1993); *see also Donegan v. Town of Woodbury,* 863 F.Supp. 63, 66 (D.Conn.1994). Plaintiff possesses a reasonably adequate statutory remedy in Connecticut General Statutes § 7–465, which permits an action

---

**1.** 42 U.S.C. § 2000e–5(e) provides:

A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with the State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by

or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

Plaintiff filed his complaint with the Connecticut Commission on Human Rights and Opportunities ("Commission") on April 14, 1994, pursuant to Connecticut General Statutes § 46a–82. Plaintiff filed this action after obtaining a release from the Commission on November 22, 1994.

against a municipality and public employees. *See Fraser v. Henninger,* 173 Conn. 52, 56, 376 A.2d 406, 409 (1977).

Although sufficient to dismiss counts 5 and 18, this rationale is no basis for dismissing count 6, which alleges abuse of process. Defendants incorrectly categorize abuse of process as a state constitutional claim rather than as a tort. Abuse of process exists when a party uses the "legal process against another in an improper manner or to accomplish a purpose for which it was not designed." *Mozzochi v. Beck,* 204 Conn. 490, 494, 529 A.2d 171, 173 (1987) (quoting *Varga v. Pareles,* 137 Conn. 663, 667, 81 A.2d 112, 115 (1951)). The Restatement Second of Torts § 682 (comment b) states that the abuse must be the actor's primary goal, and not simply an "incidental motive of spite or an ulterior purpose of benefit...." Because defendants' actions may have been primarily intended to harass and intimidate plaintiff, the complaint sufficiently alleges a tort action for abuse of process. Therefore, defendants' motion to dismiss count 6 is denied.

### C. Respondeat Superior and Indemnification

Defendants argue that counts 26 and 28 must be dismissed because municipal liability under 42 U.S.C. § 1983 cannot be based on respondeat superior. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Counts 26 and 28, however, are based not on the theory of respondeat superior, but on state statutes providing indemnification. *See* CONN.GEN.STAT. §§ 52–557n, 7–465 (1989). Therefore, defendants' motion to dismiss counts 26 and 28 is denied.

Count 24 alleges, by incorporation of counts 1–11, that the City of New London is liable to plaintiff on the basis of respondeat superior. This claim is insufficient in that (1) a municipality cannot be held liable under section 1983 on the basis of respondeat superior, *Monell,* 436 U.S. at 690,

98 S.Ct. at 2035, and (2) respondeat superior has not been recognized as a basis for damages under the Connecticut Constitution. The claim is redundant in that plaintiff has recourse against the City of New London for his tort claims via the indemnification demanded in counts 26 and 28 under Connecticut General Statutes §§ 52–557n and 7–465. Therefore, defendants' motion to dismiss count 24 is granted. *See* Fed.R.Civ.P. 12(f) ("Upon motion made by a party before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading ... any redundant [or] immaterial ... matter.").

### D. Qualified Immunity for Supervisory Officials

Defendants Richard Kistner, Bruce Rinehart, and Richard Brown move to dismiss all claims against them[2] on the ground that their acts were discretionary and entitled to qualified immunity.

#### 1. Richard Kistner and Bruce Rinehart

Plaintiff alleges that defendants Kistner and Rinehart, respectively the former and present New London chiefs of police, failed or refused to take actions, including enforcement of police regulations and adequate training, supervision, and discipline of officers. "[T]he operation of a police department is a discretionary governmental function," *Gordon v. Bridgeport Hous. Auth.,* 208 Conn. 161, 179, 544 A.2d 1185, 1195 (1988), and municipal employees are generally entitled to qualified immunity for discretionary acts. *See id.* at 167, 544 A.2d at 1189. Failure to perform discretionary acts will, however, create liability in any of three circumstances: (1) where the public officer's failure to act would likely subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action for an official's failure to enforce certain laws; or (3) where a complaint alleges an action involving, malice, wantonness, or intent to injure, rather than negligence. *Id.*

Reviewed in the most favorable light, plaintiff's allegations suggest that Kistner

**2.** These defendants are named in counts 1–11, which include federal and state claims. Because defendants did not address the federal claims in

their memorandum of law, only the state claims alleged in counts 4–11 will be considered herein.

and Rinehart fall within one and possibly two of the foregoing exceptions to the rule of qualified immunity for discretionary acts. Defendants' alleged failure to act (i.e., to intervene on plaintiff's behalf) could have subjected plaintiff to imminent harm. Also, defendants' alleged failure to act may have been intentional or, at the very least, more than negligent. Plaintiff has averred sufficient facts to withstand these two defendants' motion to dismiss counts 4–11.

### 2. Richard Brown

■ Because the duties of Richard Brown, the New London City Manager, are governmental in nature and performed for the direct benefit of the public, they are in fact discretionary. *See id.* Although more tenuous than his allegations about Kistner and Rinehart, plaintiff's allegations about Brown are sufficient to withstand dismissal for the same reasons.

### E. Municipal Liability Under 42 U.S.C. § 1983

■ Defendants argue that plaintiff has not adequately alleged *Monell* claims under section 1983 against the municipal officials and the municipality itself.[3] *See Monell,* 436 U.S. at 690, 98 S.Ct. at 2035 ("Local governing bodies … can be sued directly under § 1983 … where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision…."); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (section 1983 actions are not held to a pleading standard beyond the "notice pleading" requirements of Fed.R.Civ.P. 8(a)(2)). Plaintiff contends that his claims sufficiently allege a "policy or custom" of the New London police department, thus satisfying *Monell.*

■ To state a claim for municipal liability under *Monell,* plaintiff must allege and prove the following three elements: "(1) an official policy or custom that (2) caused

the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983). The first element—official policy or custom—can encompass inadequate police training if "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). Deliberate indifference is not established by allegations that a particular officer is unsatisfactorily trained; the standard requires that a training program deficiency be closely related to the ultimate injury. *Id.* at 390–91, 109 S.Ct. at 1205–06.

Plaintiff alleges that the City of New London violated the First, Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution by failing or refusing to screen, train, and discipline officers adequately. These alleged deficiencies could constitute a "policy" of the City of New London, when construed most favorably to plaintiff. The second and third elements (causation and denial of a constitutional right) are adequately addressed in the complaint. Therefore defendants' motion to dismiss count 12 is denied.

### III. CONCLUSION

For the reasons stated, the motion (doc. 33) to dismiss counts 5, 18, and 24 as to all defendants is granted. The motion to dismiss counts 1–4, 6–12, 14, 16, 20, 22, 26, and 28 as to all defendants is denied. The motion to dismiss counts 4–11 as to Kistner, Rinehart, and Brown is denied. The motion to dismiss count 12 as to the City of New London is denied.

SO ORDERED.

---

**3.** Because *Monell* addresses only municipal liability, and not the liability of municipal officials, *see* 436 U.S. at 690, 98 S.Ct. at 2035, only count

12 against the City of New London will be considered herein.