Regina MALONEY

v.

## CONNECTICUT ORTHOPEDICS, P.C. et al.

### No. 3:98CV1870 WWE.

United States District Court, D. Connecticut.

March 22, 1999.

---

Robin A. Kuranko, Bridgeport, CT, for plaintiff.

Robert M. Opotzner, Laura A. Goldstein, Collins, Hannafin, Garamella, Jaber & Tuozzolo, Danbury, CT, for defendant.

### RULING ON DEFENDANTS' MOTION TO DISMISS

EGINTON, Senior District Judge.

This lawsuit arises out of plaintiff's claim that she was discriminated against by the defendants after she informed them of her pregnancy. Specifically, plaintiff claims that she was demoted and eventually terminated from her position. Plaintiff seeks to hold liable the defendant Connecticut Family Orthopedics ("CFO") and individual defendants, Drs. Lawrence Schweitzer, Ronald Ripps, James DePuy, and F. Scott Gray, who are employees and the sole shareholders of CFO.

Plaintiff's complaint alleges four counts against all of the defendants: (1) violation of Title VII, (2) violation of Connecticut Fair Employment Practices Act ("CFEPA"), (3) breach of contract, and (4) breach of the covenant of good faith and fair dealing. Plaintiff has withdrawn her counts three and four against the individual defendants.

Defendants have filed a motion to dismiss all counts of the complaint.

### BACKGROUND

Plaintiff, Regina Maloney, was employed by defendant CFO from 1989 to 1997 as the Manager of Physical Therapy. CFO is a professional corporation engaged in the practice of orthopedic. medicine. In November 1994, Ms. Maloney and CFO entered into negotiations for an employment contract. On behalf of CFO, Dr. Ripps offered Ms. Maloney a three year employment contract. However, after Ms. Malo-

ney informed the defendants that she was pregnant, the three year contract offer was withdrawn. Ms. Maloney eventually signed a contract for a one year term commencing in 1995.

In 1996, she accepted an employment contract that significantly reduced her benefits and working conditions. In 1997, the defendants offered her a contract which made further reductions to her benefits and working conditions. When Ms. Maloney attempted to discuss the terms of the contract, CFO withdrew its contract offer and terminated her employment.

Ms. Maloney filed charges with both the EEOC and CHRO alleging discrimination by CFO based on sex. The complaint filed with the EEOC and CHRO did not specifically allege discrimination by the individual doctors presently named in her federal complaint.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### A. *Counts One and Two*

#### 1. *Exhaustion of Administrative Remedies*

■ The defendants seek dismissal of the two discrimination counts, claiming that Ms. Maloney failed to satisfy the ex-haustion of administrative remedies requirement. Since federal law on this issue is applicable to CFEPA, the Court will analyze counts one and two together. *Malasky v. Metal Products Corp.,* 44 Conn. App. 446, 454, 689 A.2d 1145 (1997), *cert. denied,* 241 Conn. 906, 695 A.2d 539 (1997).

As a general rule, a private civil action under Title VII can be brought only against parties who are first named in a complaint filed with the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). The twofold purpose of this exhaustion requirement is (1) to provide actual notice of the pending complaint to those alleged to have committed the violations, and (2) to provide the charged parties an opportunity to seek a resolution of the matter without resort to the federal courts. *Maturo v. National Graphics, Inc.,* 722 F.Supp. 916, 924 (D.Conn.1989).

■ A limited exception to the exhaustion requirement exists where the two underlying purposes of this rule are satisfied. *Bapat v. Connecticut Department of Health Services,* 815 F.Supp. 525, 530 (D.Conn.1992). This exception applies where the circumstances meet one or more of the following factors: (1) the complainant could not through reasonable effort have ascertained the role of the unnamed party before filing the EEOC complaint; (2) the interests of the unnamed party are so similar to those of the named party that omitting the unnamed party from the EEOC proceedings would not have impeded conciliation efforts; (3) the unnamed party suffered no actual prejudice to its interests as a result of being omitted from the EEOC proceedings; and (4) the unnamed party represented to the complainant in some way that its relationship with the complainant was to be through the named party. No single factor is decisive. *Donovan v. Eastern Milk Producers Cooperative Association, Inc.,* 971 F.Supp. 674, 679 (N.D.N.Y.1997).

■ In the instant case, Ms. Maloney did not name the individual defendants in

her administrative filings. However, the factors weigh in favor of allowing the exception even though Ms. Maloney should have known the identities of the individual defendants. The individual defendants, as the sole shareholders of CFO, have interests identical to CFO. Therefore, omitting their names from the administrative proceeding should not have impeded any conciliation efforts. Similarly, the omission could not have prejudiced the individual defendants as they should have received notice of the nature of Ms. Maloney's discrimination claims through her administrative filings.

The defendants urge the Court to restrict the exception to instances where the party filed the administrative charges pro se. Defendants assert that Ms. Maloney has been represented by counsel from the time she filed her EEOC charge. As the Court does not have sufficient information concerning the extent of Ms. Maloney's legal representation, the Court will not prohibit the exception on such grounds.

Further, the defendants assert that Ms. Maloney has failed to exhaust her administrative remedies as to certain allegations that were not made in her administrative filings. *See Wilds v. U.S. Postmaster General*, 989 F.Supp. 178, 181 (D.Conn. 1997) (a district court only has jurisdiction to hear Title VII claims that are included in an EEOC charge or reasonably related to the allegations of the charge).

■ Despite numerous line-by-line comparisons between the complaint and the administrative charge, the defendants have failed to demonstrate that the allegations of the complaint are different in character from that of the EEOC charge. A federal complaint need not mirror the administrative complaint. *Kent v. AVCO Corporation*, 815 F.Supp. 67, 68 (D.Conn.1992). Although some of the words and phrases in Ms. Maloney's complaint differ from that of the EEOC charge, the allegations of the complaint and charge are substantively the same. Therefore, Ms. Maloney gave the defendants notice of her discrimi-

nation claims, and she has sufficiently exhausted her administrative remedies as to these allegations.

### 2. *Individual Liability Pursuant to Title VII*

The defendants argue that Ms. Maloney cannot hold the individual defendants liable pursuant to Title VII.

■ Although other circuits have differed on this issue, the Second Circuit has established that supervisory employees may not be held individually liable under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir.1995). According to the Second Circuit's reasoning, individual supervisors should not be held liable because Congress did not intend to burden small entities with litigating discrimination claims.

Ms. Maloney argues that the individual defendants in this case are shareholders of the corporate defendant, and therefore, should be held liable as employers for Title VII discrimination. However, she has failed to offer persuasive authority to demonstrate that the Second Circuit's limitation on individual liability should not apply to individual shareholders. Therefore, the Court will dismiss the Title VII claims of count one against the individual defendants.

### 3. *Statute of Limitations*

■ Defendants argue that counts one and two should be dismissed because Ms. Maloney did not file her administrative charges within the requisite statute of limitations after the alleged discriminatory conduct took place. The continuing violation doctrine is an exception to both Title VII and state law statutes of limitations. *See Velez v. New London*, 903 F.Supp. 286, 290 (D.Conn.1995). Under the continuing violation exception, the running of the statute of limitations may be tolled until the last act of discrimination where a plaintiff has experienced a continuous practice and policy of discrimination. *Cornwell v. Rob-*

*inson,* 23 F.3d 694, 703 (2d Cir.1994). The mere allegation of an ongoing practice or policy is sufficient to withstand a motion to dismiss based on the untimeliness of the claim. *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997).

■ Taking all of the allegations as true, Ms. Maloney has alleged discriminatory conduct that constitutes a continuing practice of discrimination. Therefore, the Court will not dismiss counts one and two based on untimeliness.

### B. *Count Three Against CFO*

■ Ms. Maloney bases her breach of contract claim against CFO on its failure to negotiate fairly a new contract prior to her termination, and its failure to pay her severance and vacation pay as provided in CFO's employee manual.

Defendants assert that Ms. Maloney has failed to satisfy the key elements of a breach of contract claim: (1) formation of an agreement; (2) performance by one party; (3) breach of the agreement; and (4) damages. *Posner v. Minnesota Mining & Manufacturing Co.,* 713 F.Supp. 562 (E.D.N.Y.1989).

In this case, defendant terminated Ms. Maloney's employment at the end of her prior employment contract. Therefore, no agreement existed between the parties, and Ms. Maloney cannot assert a breach of contract claim based on CFO's failure to renew her contract.

■ However, Ms. Maloney has sufficiently alleged a breach of contract based on CFO's failure to pay her severance and vacation pay as provided by the employee manual. The terms of an employee handbook may be incorporated into the existing employment contract. *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,* 234 Conn. 1, 13–14, 662 A.2d 89 (1995). The issuance of the manual may constitute an offer or promise that if the employee worked for the company, her employment would thereafter be governed by such written statements. Therefore,

count three will not be dismissed as to CFO's failure to pay vacation and severance pay.

### C. *Count Four*

Ms. Maloney alleges that the defendant CFO breached the covenant of good faith and fair dealing due to the manner in which CFO negotiated its contracts and how it treated her during her employment and termination. Ms. Maloney's complaint incorporates her allegations of discriminatory employment practices into her breach of the covenant of good faith and fair dealing claim.

■ Every contract carries with it a covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. *Habetz v. Condon,* 224 Conn. 231, 238, 618 A.2d 501 (1992). A party's neglect or refusal to fulfill a contractual obligation constitutes bad faith only if prompted by some interested or sinister motive. *Feinberg v. Berglewicz,* 32 Conn.App. 857, 862, 632 A.2d 709 (1993).

■ To assert a claim based on the covenant of good faith and fair dealing, a contract must have been in existence. Therefore, Ms. Maloney cannot base her claim of a breach of the covenant of good faith and fair dealing on negotiations prior to the actual execution of her employment contract.

However, taking all of the allegations as true, Ms. Maloney has sufficiently alleged that CFO violated the covenant when it breached its contract to pay her severance and vacation pay as part of a discriminatory employment practice.

### CONCLUSION

Based on the foregoing, defendants' motion to dismiss [doc. # 12] is GRANTED as to count one against the individual defendants, Drs. Schweitzer, Ripps, DePuy, and Gray. The motion to dismiss is DE-

NIED as to count one against CFO, count two against all defendants, count three against CFO, and count four against CFO. Plaintiff has WITHDRAWN counts three and four against the individual defendants, Schweitzer, Ripps, DePuy, and Gray. Plaintiff is directed to file an amended complaint within 15 days of this ruling, conforming the counts with this ruling.